```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**BRENDA L. ROBINETTE,**

        **Plaintiff,**

    **vs.**                                          **Civil Action 2:15-cv-173**
                                                              **Judge Watson**
                                                              **Magistrate Judge King**

**QUEST DIAGNOSTICS,**

        **Defendant.**

## ORDER AND
## REPORT AND RECOMMENDATION

This matter is before the Court on the *Motion of Quest Diagnostics to File Instanter Its Answer to Plaintiff's Complaint*, ECF 7 ("*Motion to File*"), and plaintiff's motion for default judgment, ECF 12 ("*Motion for Default Judgment*").

On January 22, 2015, the Court granted plaintiff's motion for leave to proceed *in forma pauperis* and plaintiff's complaint was filed on the same day. *Order Granting Leave to Proceed In Forma Pauperis*, ECF 2; *Complaint*, ECF 3. Thereafter, a summons was issued to "Quest Diagnostics" located at 2560 Shadeland Avenue in Indianapolis, Indiana. ECF 5. The docket reflects that service was effected on February 13, 2015 at this address in Indiana. ECF 6. Although defendant's answer was due on March 6, 2015, *see id*., no answer was filed. Instead, on March 18, 2015, defendant moved for leave to file *instanter* its answer to plaintiff's *Complaint*. *See Motion to File*. Two days later, plaintiff filed an application for entry of

1

defendant's default.  ECF 8.  In light of the pending *Motion to File*, the Court stayed further proceedings on plaintiff's application for entry of default pending resolution of defendant's motion.  *Order*, ECF 9.  Plaintiff opposes the *Motion to File*, ECF 16, and defendant has filed a reply, ECF 17 ("*Defendant's Reply*").  Despite the stay imposed on the plaintiff's application for entry of default, plaintiff nevertheless filed the *Motion for Default Judgment*, which defendant opposed on April 14, 2015.  ECF 15.  Plaintiff has not filed a reply in support of her *Motion for Default Judgment*.  These motions are now ripe for resolution.

Rule 6 of the Federal Rules of Civil Procedure authorizes courts to grant an extension of time to file a pleading if a party's failure to act was due to excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  A court will consider the following factors when determining whether excusable neglect has been established:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late filing party acted in good faith.

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

In the case presently before the Court, defendant has established excusable neglect.  First, plaintiff has not articulated any prejudice in permitting defendant to file its answer *instanter*.  *See* ECF 16.

2

Second, the delay in this case was short and has not impacted judicial proceedings: defendant's answer was due on March 6, 2015 and the *Motion to File* was filed on March 18, 2015.  Because no case schedule has yet been established, this 12-day delay will not adversely impact the ultimate course of the proceedings.  *See*, *e.g.*, *Tolliver v. Liberty Mut. Fire Ins. Co.*, 2:06-CV-00904, 2008 U.S. Dist. LEXIS 18839, at *3 (S.D. Ohio Feb. 25, 2008) (concluding that a delay of "slightly more than two months" would not prejudice "the Court in its ability to resolve this litigation in a timely fashion"). Finally, defendant has established the last three factors in determining excusable neglect.  Defendant explains that, although plaintiff addressed the summons and *Complaint* to Quest Diagnostics, the address in Indiana that she provided was actually for a different entity, AmeriPath Indianapolis ("AmeriPath").  *Motion to File*, PAGEID#:49.  *See also* Exhibit A (Ohio Secretary of State filing showing that defendant is a foreign corporation with CSC-Lawyers Incorporating Service in Columbus, Ohio appointed as the statutory agent for Quest Diagnostics), Exhibit B (Illinois Secretary of State filing showing that defendant is an Illinois corporation), and Exhibit C (Indiana Secretary of State filing showing that AmeriPath's principal place of business is 2560 Shadeland Avenue in Indianapolis, Indiana), attached to defendant's opposition to the *Motion for Default Judgment*, ECF 15; *Proctor v. Educ. Credit Mgmt. Corp.*, No. 2:07-cv-839, 2010 U.S. Dist. LEXIS 80549, at *11-12 (S.D. Ohio Aug. 10, 2010) (taking judicial notice of public record filed with the Minnesota Secretary of State).

Defendant takes the position that, under these circumstances, plaintiff still has not effected proper service of process on defendant. *Motion to File*, PAGEID#:49; *Defendant's Reply*, pp. 2-3.

Plaintiff counters that the *Complaint* and summons in this case were sent to the same address as correspondence previously sent relating to her prior complaint filed with the Equal Employment Opportunity Commission ("EEOC") and her own letter detailing her allegations of discrimination. ECF 16, pp. 1-2. According to plaintiff, "[t]here were no issues at that time" with receipt of this information and defendant was "notified" about this litigation. *Id*.

Regardless of the sufficiency of service of process, this Court concludes that, under these circumstances, defendant's motion for leave to file its answer *instanter* is meritorious. In light of this conclusion, plaintiff's *Motion for Default Judgment* is not well-taken. *Cf*. *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 976 (6th Cir. 1991) ("[J]udgment by default is a drastic step which should be resorted to only in the most extreme cases.") (quoting *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)).

**WHEREUPON**, the *Motion of Quest Diagnostics to File* <u>*Instanter*</u> *Its Answer to Plaintiff's Complaint*, ECF 7, is **GRANTED**. The Clerk is **DIRECTED** to file the answer attached is attached as Exhibit A to defendant's motion.

It is **RECOMMENDED** that plaintiff's motion for default judgment, ECF 12, be **DENIED**.

4

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

May 1, 2015                                        *s/Norah McCann King*
                                                    Norah M$^c$Cann King
                                           United States Magistrate Judge